UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARRIEN F. TILLMAN,

      Plaintiff,

v.                                                                          21-CV-1269

DOREEN M. HOFFMAN, individually
and in her capacity as an assistant
district attorney for Niagara County,
TROY EARP, individually and in his
capacity as a detective for the Niagara
Falls Police Department, and
SHAW BOSI, individually and in his
capacity as a detective for the Niagara
Falls Police Department,

      Defendants.

---

### DECISION AND ORDER

Plaintiff Garrien F. Tillman commenced this action on December 7, 2021, seeking relief under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments. Dkt. 1. The Complaint sets forth four causes of action: (1) malicious prosecution in violation of the Fourth and Fourteenth Amendments; (2) false imprisonment in violation of the Fourth and Fourteenth Amendments; (3) conspiracy to violate Plaintiff's Constitutional rights in violation of the Fourth and Fourteenth Amendments; and (4) denial of the right to a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments. *See id.*

On February 11, 2022, Defendants Earp and Bosi moved to dismiss the Complaint. Dkt. 12. Defendant Hoffman separately moved to dismiss. Dkt. 13.

Plaintiff responded in opposition to both motions on April 8, 2022, Dkt. 21, and Defendants replied. Dkt. 22-23. This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 14.

On September 14, 2022, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motions to dismiss. Dkt. 26. On October 28, 2022, Plaintiff objected to the R&R, arguing that "the Magistrate erred in recommending the dismissal of Plaintiff's complaint in its entirety." Dkt. 29, at 2. Specifically, Plaintiff objected to the R&R's conclusions that "(1) Defendant Doreen Hoffman is entitled to absolute prosecutorial immunity; (2) Defendants Doreen Hoffman, Troy Earp, and Shawn Bosi did not falsify any evidence in support of the criminal prosecution of Mr. Tillman; (3) the alleged actions and omissions of Defendants Troy Earp and Shawn Bosi do not support their personal involvement and therefore liability for Plaintiff's claims; (4) Plaintiff's imprisonment and prosecution were both supported by probable cause; and (5) Defendants Troy Earp and Shawn Bosi are entitled to qualified immunity." *Id.* Defendants responded to Plaintiff's objections, Dkt. 31-32, and Plaintiff replied. Dkt. 33-34.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation.

For the reasons stated above and in the R&R, this Court GRANTS Defendants' [12] and [13] motions to dismiss. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:   January 30, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE